**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AI CA LLC,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>CREDIAUTOUSA FINANCIAL COMPANY LLC, *et al.*,<br><br>　　　　　　　　　　Defendants. | Case No.: 3:20-cv-2352-MMA-AHG<br><br>**ORDER GRANTING JOINT MOTION TO EXTEND THE FACT DISCOVERY DEADLINE**<br><br>**[ECF No. 23]** |

　　　Before the Court is the parties' Status Report and Joint Motion to extend the fact discovery deadline. ECF No. 23. The parties seek a four-week extension of the fact discovery cut-off to allow them to complete depositions. *Id.*

　　　Under Fed. R. Civ. P 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent." "Good cause" is a non-rigorous standard that has been construed broadly across procedural and statutory contexts. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). The good cause standard focuses on the diligence of the party seeking to amend the scheduling order and the reasons for seeking modification. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "[T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16, advisory committee's notes to 1983 amendment. Therefore, "a party demonstrates good cause by

acting diligently to meet the original deadlines set forth by the court." *Merck v. Swift Transportation Co.*, No. CV-16-01103-PHX-ROS, 2018 WL 4492362, at *2 (D. Ariz. Sept. 19, 2018).

Here, the parties explain that both sides have produced documents in response to one another's written discovery requests, and Plaintiff anticipates completing production by January 28, 2022 after conducting an expanded review of ESI. Although the parties previously scheduled all necessary depositions to be completed by the current fact discovery deadline of January 28, 2022, the depositions of Defendants and the former CFO of Defendant CrediAuto USA have been postponed due to the timing of Defendants' document production, and the depositions of two of Plaintiff's employees also need to be rescheduled due to conflicts with defense counsel's schedule. ECF No. 23 at 1-2. Therefore, the parties need more time to complete fact discovery, but they do not request extensions of any other deadlines in the case schedule. *Id.* at 2.

Upon due consideration, the Court finds good cause to **GRANT** the Joint Motion (ECF No. 23). Accordingly, the deadline for the parties to complete all fact discovery is extended to **February 25, 2022**. "Completed" means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be initiated a sufficient period of time in advance of the cut-off date, **so that it may be completed** by the cut-off date, taking into account the times for service, notice and response as set forth in the Federal Rules of Civil Procedure.

All other dates and requirements set forth in the Court's prior Scheduling Order (ECF No. 12) remain in place, except where explicitly modified herein.

**IT IS SO ORDERED.**

Dated: January 25, 2022

_____
Honorable Allison H. Goddard
United States Magistrate Judge