# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AI CA LLC,<br><br>         Plaintiff,<br><br>v.<br><br>CREDIAUTOUSA FINANCIAL COMPANY LLC, *et al.*,<br><br>         Defendants. | Case No.: 3:20-cv-2352-MMA-AHG<br><br>**ORDER GRANTING IN PART AND DENYING IN PART JOINT MOTION TO EXTEND FACT AND EXPERT DISCOVERY DEADLINES**<br><br>[ECF No. 25] |

     Before the Court is the parties' Status Report and Joint Motion to extend the fact discovery deadline. ECF No. 25. On January 25, 2022, the Court previously extended the fact discovery deadline by approximately four weeks to February 25, 2022. ECF No. 24. The parties now seek another three-week extension of the fact discovery cut-off to March 18, 2022, to accommodate the need to schedule the deposition of former Manuel Fernandez, the former CFO of Defendant CrediAuto Financial Company LLC. ECF No. 25 at 1-2. The parties explain that Mr. Fernandez is a Mexican national who has agreed to appear for deposition by video, but work commitments have created scheduling challenges, such that the deposition cannot be scheduled before the current deadline. *Id.* Therefore, they ask for additional time to take his deposition, as well as concomitant extensions of the expert discovery deadlines. *Id.* at 2.

     Under Fed. R. Civ. P 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent." "Good cause" is a non-rigorous standard that has been construed broadly across procedural and statutory contexts. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). The good cause standard focuses on the diligence of the party seeking to amend the scheduling order and the reasons for seeking modification. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "[T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16, advisory committee's notes to 1983 amendment. Therefore, "a party demonstrates good cause by acting diligently to meet the original deadlines set forth by the court." *Merck v. Swift Transportation Co.*, No. CV-16-01103-PHX-ROS, 2018 WL 4492362, at *2 (D. Ariz. Sept. 19, 2018).

     Here, the Court finds that the parties have established good cause to extend the fact discovery deadline **for the sole purpose of taking Mr. Fernandez's deposition.** Accordingly, the Joint Motion is **GRANTED in part** and **DENIED in part**. The parties shall have until **March 18, 2022** to complete the deposition of Manuel Fernandez. However, the fact discovery deadline of **February 25, 2022** remains in place for all other

fact discovery.

The Court further **GRANTS** the request to extend the expert discovery deadlines, as follows:

1. The parties must designate their respective experts in writing by **March 25, 2022**. The parties must identify any person who may be used at trial to present evidence pursuant to Rules 702, 703 or 705 of the Fed. R. Evid. This requirement is not limited to retained experts. The date for exchange of rebuttal experts must be by **April 8, 2022**. The written designations must include the name, address and telephone number of the expert and a reasonable summary of the testimony the expert is expected to provide. The list must also include the normal rates the expert charges for deposition and trial testimony.

2. By **March 25, 2022**, each party must comply with the disclosure provisions in Rule 26(a)(2)(B) and (C) of the Federal Rules of Civil Procedure. This disclosure requirement applies to all persons retained or specially employed to provide expert testimony, or whose duties as an employee of the party regularly involve the giving of expert testimony. **Except as provided in the paragraph below, any party that fails to make these disclosures will not, absent substantial justification, be permitted to use evidence or testimony not disclosed at any hearing or at the time of trial. In addition, the Court may impose sanctions as permitted by Fed. R. Civ. P. 37(c).**

3. Any party must supplement its disclosure regarding contradictory or rebuttal evidence under Fed. R. Civ. P. 26(a)(2)(D) by **April 8, 2022**.

4. All expert discovery must be completed by all parties by **April 29, 2022**. "Completed" means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be initiated a sufficient period of time in advance of the cut-off date, **so that it may be completed** by the cut-off date, taking into account the times for service, notice and response as set forth in the Federal Rules of Civil Procedure. **Counsel shall promptly and in good faith meet and confer with regard to all discovery disputes in compliance with Local Rule 26.1(a). A failure to**

**comply in this regard will result in a waiver of a party's discovery issue. Absent an order of the court, no stipulation continuing or altering this requirement will be recognized by the court.** With respect to any discovery disputes that may arise, all parties are ordered to read and to fully comply with the Chambers Rules of Magistrate Judge Allison H. Goddard.

5.  All other requirements set forth in the operative case schedule, including the deadline of May 6, 2022 to file dispositive motions and all dates and deadlines related to the Mandatory Settlement Conference, remain in place and will not be modified except for good cause shown. *See* ECF Nos. 10, 22.

**IT IS SO ORDERED.**

Dated: February 23, 2022

_____
Honorable Allison H. Goddard
United States Magistrate Judge