UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AI CA LLC,<br><br>                                        Plaintiff,<br><br>v.<br><br>CREDIAUTOUSA FINANCIAL<br>COMPANY LLC, *et al.*,<br><br>                                        Defendants. | Case No.:  3:20-cv-2352-AHG<br><br>**ORDER GRANTING PLAINTIFF'S<br>MOTION TO ENFORCE<br>SETTLEMENT AGREEMENT**<br><br><br>**[ECF No. 66]** |

Before the Court is the Motion to Enforce Settlement Agreement ("Motion") filed by Plaintiff AI CA LLC ("Plaintiff"). ECF No. 66. Plaintiff seeks to enforce the Settlement Agreement and requests entry of judgment against Defendant Rafael Gomez ("Gomez") in the following amounts: $40,000 for breach of the settlement agreement; interest of $5.65 per day of delinquency; and attorneys' fees of $5,943. ECF No. 66-1 at 5-6. Gomez did not oppose the Motion. For the reasons set forth below, the Motion is **GRANTED**.

## I.    BACKGROUND

This action arose from a credit facility extended by Plaintiff to Defendant CrediAutoUSA Financial Company LLC ("CrediAuto") through its wholly owned subsidiary pursuant to a credit agreement executed by Rafael Gomez, CrediAuto's president and chief executive officer (collectively, "Defendants"). *See generally* Compl., ECF No. 1. The facility provided substantial financing to fund the purchase and origination of subprime automobile loans, subject to strict provisions governing portfolio cashflows. Plaintiff alleged that Defendants induced the facility through projections regarding loan originations and returns but later diverted loan proceeds for unauthorized purposes in violation of the Credit Agreement and Plaintiff's security interest.

On May 2, 2024, Plaintiff and Defendants resolved the dispute by entering into a written settlement agreement ("Agreement") that included a general release of all claims asserted in this action. ECF No. 55; *see also* ECF No. 66-2 at 2. Pursuant to the Agreement, Defendant Gomez was obligated to pay $50,000, consisting of an initial $10,000 payment due within 30 days and the remaining $40,000 within six months of the execution of the Agreement. ECF No. 66-2 at 6. The parties further agreed that the Court would retain jurisdiction to enforce the Agreement. ECF No. 63. The parties agreed to have judgment entered pursuant to the terms of their Agreement. ECF No. 61. The parties also consented to the undersigned Magistrate Judge to conduct all proceedings. *Id.* at 2.

Accordingly, on May 9, 2024, the Court entered judgment on the following terms:

  A. Judgment in favor of Plaintiff and against Defendant CrediAuto on the claim for conversion;

  B. Defendant CrediAuto is ordered to pay Plaintiff the amount of $1,008,385 in damages;

  C. Defendant Gomez shall pay to Plaintiff the total sum of $50,000 without an admission of liability pursuant to the terms of the Agreement;

  D. Retaining jurisdiction over the Agreement in this case, including any disputes arising out of the Agreement or disputes regarding the payments

owed by Defendant Gomez; and

E.    Plaintiff is entitled to post-judgment interest on the principal amount of the judgment at a statutory rate pursuant to 28 U.S.C. § 1961(a).

ECF No. 63.

On or about June 5, 2024, Defendant Gomez remitted $10,000 pursuant to the Agreement by wire transfer through counsel. ECF No. 66-2 at 2. Thereafter, Defendant Gomez failed to make any additional payments required under the Agreement. *Id.*

On October 14, 2025, the matter came before the Court after Plaintiff's counsel notified the Court of a dispute regarding Defendant Gomez's compliance with the settlement terms. The Court thereafter issued a briefing schedule, and Plaintiff filed the instant unopposed Motion. ECF Nos. 65–67.

## II.    DISCUSSION

A district court has inherent authority to enforce a settlement agreement summarily by motion. *In re City Equities Anaheim, Ltd.*, 22 F.3d 954, 957 (9th Cir. 1994). Summary enforcement is appropriate where the material facts concerning the existence and terms of the settlement are not in dispute. *Id.* To be enforceable, a settlement agreement must constitute a complete agreement reflecting the parties' mutual assent. *Callie v. Near*, 829 F.2d 888, 890-91 (9th Cir. 1987); *see also Marks-Forman v. Reporter Pub. Co.*, 12 F. Supp. 2d 1089, 1092 (S.D. Cal. 1998) (citing *Harrop v. Western Airlines, Inc.*, 550 F.2d 1143, 1144-45 (9th Cir. 1977)). When the terms of the settlement and the parties' mutual assent are clear, the court may enforce the agreement without conducting an evidentiary hearing. *Doi v. Halekulani Corp.*, 276 F.3d 1131, 1139 (9th Cir. 2002).

Applying these standards, the Court concludes that summary enforcement of the Agreement is appropriate. The Court retains jurisdiction to enforce the settlement. The existence of the Agreement is not in dispute. The Agreement was executed by Plaintiff and Defendant Gomez. ECF No. 66-2 at 2. Both parties jointly moved for entry of judgment on the terms of the Agreement, confirming their mutual assent. The record further establishes that Defendant Gomez made the initial $10,000 payment required under the

Agreement but failed to pay the remaining $40,000, despite the deadline for payment having passed. *Id.* at 6. Defendant Gomez has not opposed Plaintiff's Motion. Accordingly, because there is no genuine dispute regarding the existence, terms, or breach of the Agreement, the Court may enforce it without conducting an evidentiary hearing.

The Court further finds that the Agreement constitutes a complete and enforceable contract. The Agreement was executed by the parties and is clear in its material terms. *Id.* It also contains a merger and integration clause providing that it represents the parties' entire agreement and supersedes and replaces all prior agreements between the parties. *Id.* at 8. The Agreement further provides that any modification must be in writing signed by the parties, and no written modification has been executed. ECF No. 66-2 at 2, 8. Accordingly, the Court finds that the Agreement is complete, valid, and subject to summary enforcement.

Because the Agreement is enforceable, the Court next addresses the relief sought by Plaintiff. The prior judgment awarded post-judgment interest pursuant to 28 U.S.C. § 1961(a), which provides that interest is calculated at a rate equal to the weekly average one-year constant maturity Treasury yield for the calendar week preceding the date of the judgment. The applicable rate was 5.16 percent. ECF No. 66-3 at 1, 5. Because the remaining $40,000 payment became due in November 2024 and has not been paid, interest continues to accrue on the unpaid balance. At that rate, daily interest accrues in the amount of $5.65.[1] The Court therefore awards post-judgment interest in the amount of $5.65 per day until the outstanding balance is paid.

Finally, the Agreement provides for an award of attorneys' fees to the prevailing party in any enforcement proceeding. ECF No. 66-2 at 9. Plaintiff has submitted evidence that it incurred $5,943 in attorneys' fees in bringing this Motion. ECF No. 66-3 at 1-2.

---

[1] The daily interest amount is calculated pursuant to 28 U.S.C. § 1961(a) by multiplying the unpaid principal ($40,000) by the applicable interest rate (5.16%) and dividing by 365 days, resulting in approximately $5.65 per day.

3:20-cv-2352-AHG

Because Plaintiff has prevailed in this enforcement proceeding, the Court awards attorneys' fees in that amount.

## III.  CONCLUSION

For these reasons, the Court enforces the Agreement and enters judgment in favor of Plaintiff and against Defendant Gomez in the amount of $40,000, together with interest in the amount of $5.65 per day until the outstanding balance is paid, and attorneys' fees in the amount of $5,943.

**IT IS SO ORDERED.**

Dated: March 9, 2026

_____
Honorable Allison H. Goddard
United States Magistrate Judge

3:20-cv-2352-AHG